UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MURGUIA, for himself and for the Estates of Mason and Maddox Murguia,<br><br>Plaintiffs,<br><br>v.<br><br>HEATHER LANGDON, et al.,<br><br>Defendants. | Case No. 1:19-cv-00942-ADA-BAM<br><br>ORDER GRANTING CITY OF TULARE DEFENDANTS' MOTION FOR STAY PENDING PETITION FOR REVIEW BEFORE SUPREME COURT<br><br>(Doc. 71) |

Currently pending before the Court is City of Tulare Defendants' motion for stay of this action pending resolution of a petition for review by the United States Supreme Court. (Doc. 71.) Defendants County of Tulare, Ricardo Cerda, Jeffrey Lewis and Roxanna Torres (collectively "County Defendants") joined in the motion to stay proceedings. (Doc. 72.) Plaintiffs opposed the motion on August 25, 2023, and City of Tulare Defendants replied on August 28, 2023.[1] (Docs. 76, 77.) The Court found the matter suitable for resolution without oral argument, and the matter was submitted on the papers. L.R. 230(g)

Having considered the briefing and record in this matter, and for the reasons that follow, City of Tulare Defendant's motion for stay of this action will be granted.

**BACKGROUND**

The parties are familiar with the factual background of this action, which has been

---

[1] Defendant Heather Langdon did not file a response due to issues with her address for service. The Court finds a response from Defendant Langdon unnecessary as she will not be prejudiced by the requested stay of this action.

1

discussed at length by the district court and in the published opinion of the Ninth Circuit. (*See* Docs. 57, 66.)  Relevant here, on October 1, 2021, the district court determined that Plaintiffs failed to state any federal claims brought pursuant to 42 U.S.C. § 1983 for violation of their constitutional rights against the individual defendants and the municipal entity defendants.  The district court therefore granted dismissal with prejudice of the federal claims and declined to exercise supplemental jurisdiction over Plaintiffs' state law claims.  (Doc. 57.)  Plaintiffs appealed on October 13, 2021.  (Doc. 59.)

On March 15, 2023, the Ninth Circuit issued its opinion on application of the "state-created danger" doctrine.  (Doc. 66.)  The Ninth Circuit (1) reversed the district court's dismissal of Plaintiffs' § 1983 claims against defendants Garcia and Torres under the state-created danger doctrine; (2) vacated the district court's dismissal order as to Plaintiffs' § 1983 claims against defendants Lewis and Cerda and remanded with instructions to grant Plaintiffs leave to amend; and (3) reversed and remanded for further proceedings Plaintiffs' *Monell* claims against the County of Tulare and the City of Tulare, as well as all state law claims.  (Doc. 66.)

On March 22, 2023, defendants filed a petition for rehearing en banc to the Ninth Circuit.  (Doc. 67.)  The Ninth Circuit denied the petition for panel rehearing and rehearing en banc on July 18, 2023.  (Doc. 69.)  Thereafter, the Ninth Circuit issued its mandate on August 1, 2023.  (Doc. 70.)

On August 11, 2023, City of Tulare Defendants filed the instant motion for a stay of proceedings, indicating that they are currently preparing a petition for writ of certiorari to the United States Supreme Court, which will be filed on or before October 16, 2023.  The petition will seek resolution of the state-created danger doctrine under the Fourteenth Amendment. Defendants believe that definitive guidance on the issue will have a direct impact on all future proceedings in this court.  Defendants assert that there is a reasonable probability certiorari will be granted, that there is a reasonable probability that the Supreme Court will reverse the Ninth Circuit, and that defendants and the public will suffer irreparable harm if a stay is not granted. City of Tulare Defendants point out that if the Supreme Court denies the petition, then any delay in Plaintiffs' ability to pursue their claims will be minimal.

1       Plaintiffs opposed the motion on August 25, 2023, arguing that defendants have not met
2  their burden to justify a stay as they have not made out a clear case of hardship or inequity in
3  being required to go forward.  Plaintiffs assert that any further delay, beyond the previous four
4  years that have passed since the filing of the complaint, will be unduly prejudicial, causing more
5  damage from the loss of memory and other consequences of the passage of time.  Plaintiffs
6  further contend that the probability of the Supreme Court taking this case is quite low and that the
7  probability of reversal is even lower.  Plaintiffs believe that there is nothing inherently unfair
8  about requiring defendants to proceed having lost their appeal. (Doc. 76.)
9       City of Tulare Defendants filed a reply on August 28, 2023.  (Doc. 77.)  There is no
10 indication that defendants sought a stay of proceedings from either the Ninth Circuit or the U.S.
11 Supreme Court.

**DISCUSSION**

13      As a preliminary matter, the parties appear to dispute the standard the Court is to apply in
14 considering whether to stay proceedings pending the filing of a petition for writ of certiorari with
15 the Supreme Court.  City of Tulare Defendants contend that the Court should apply the factors of
16 *Packwood v. Senate Select Committee on Ethics*, 510 U.S. 1319, 1319-20 (1994). (Doc. 71 at p.
17 5.)  In *Packwood*, a United States Senator applied to a single Supreme Court Justice for a stay
18 pending appeal to the Court of Appeals for the District of Columbia Circuit of a decision by the
19 District Court enforcing a subpoena duces tecum issued by respondent Senate Select Committee
20 on Ethics. The Court of Appeals had denied the senator's emergency motion for a stay pending
21 appeal. *Id.* at 1319.  Justice Rehnquist explained in *Packwood* that the criteria for deciding
22 whether to grant a stay were well established, requiring the applicant to demonstrate:  (1) a
23 reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility
24 that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm,
25 assuming the correctness of the applicant's position, if the judgment is not stayed.  *Id.* at 1319-20.
26 In identifying this standard, Justice Rehnquist cited *Barnes v. E-Sys., Inc. Grp. Hosp. Med. &*
27 *Surgical Ins. Plan*, 501 U.S. 1301, 1302 (1991).  According to *Barnes*, the standard cited in
28 *Packwood* is applicable to motions for stay brought under 28 U.S.C. § 2101(f).  *Barnes*, 501 U.S.

3

at 1302 ("The authority for a single Justice to issue a stay of the sort requested here is conferred by 28 U.S.C. § 2101(f)."). Indeed, *Barnes* explained that "[t]he practice of the Justices has settled upon three conditions that must be met before issuance of a § 2101(f) stay is appropriate. There must be a reasonable probability that certiorari will be granted (or probable jurisdiction noted), a significant possibility that the judgment below will be reversed, and a likelihood of irreparable harm (assuming the correctness of the applicant's position) if the judgment is not stayed." *Id.* However, the "vast majority of cases . . . hold that only the Court of Appeals or a justice of the United States Supreme Court has jurisdiction to issue a stay pursuant to § 2101(f)." *Lefevre v. Five Star Quality Care, Inc.*, No. ED15-cv-01305 VAP (SPx), 2018 WL 8786643, at *2 (C.D. Cal. Apr. 18, 2018) (collecting cases; denying motion for stay to seek certiorari based on lack of jurisdiction to grant stay pursuant to § 2101(f) where defendant did not seek a stay from circuit court and mandate had issued); *but see Waithaka v. Amazon.com, Inc.*, No. C19-01320-RSM, 2020 WL 7028945, at *3 (W.D. Wash. Nov. 30, 2020) (applying *Packwood* factors to request for stay pending U.S. Supreme Court's decision on petition for writ of certiorari) and *Fletcher v. Losh*, No. 1:15-cv-00029-REB, 2019 WL 4453703, at *3 n.3 (D. Idaho Sept. 17, 2019) (finding *Packwood* factors applicable when a litigant asks the district court for a stay pending a Petition for Writ of Certiorari). The Court finds persuasive those cases interpreting § 2101(f) that hold only the Court of Appeals or a justice of the United States Supreme Court has jurisdiction to issue a stay pursuant to that statute particularly where the mandate has issued.

In contrast, Plaintiffs believe the Court should apply the standard of *Landis v. North American Co.*, 299 U.S. 248 (1936). Under *Landis*, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. at 254. "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). *Landis* cautions that an applicant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. The *Landis*

factors include: (1) "the possible damage that may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice . . . ." *CMAX, Inc.*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55); *Flores v. Bennett*, No. 1:22-cv-01003-JLT-HBK, ---F. Supp. 3d---, 2023 WL 3751998, at *2 (E.D. Cal. June 1, 2023) (delineating *Landis* factors). The *Landis* test "typically applies to stays of proceedings pending the resolution of a related action in another court," and has been applied to evaluate whether to stay proceedings. *Flores*, 2023 WL 3751998, at *2-3 (explaining that district courts have consistently applied *Landis* to stays of proceedings; relying on *Landis* test to evaluate request to stay proceedings pending interlocutory appeal).

To the extent City of Tulare Defendants are merely invoking the Court's inherent authority to stay these proceedings, and not seeking to stay the Ninth Circuit's mandate, the Court is persuaded that the request should be evaluated under the relevant *Landis* factors. *See*, *e.g.*, *Fazaga v. Fed. Bureau of Investigation*, No. SACV 11-00301-CJC (VBKx), 2020 WL 13830211, at *1 (C.D. Cal. Sept. 29, 2020) *(*applying *Landis* factors to motion to stay claims against government pending possible writ of certiorari).

"Under the first two *Landis* factors, the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Flores*, 2023 WL 3751998, at *6 (citation and internal quotation omitted). Plaintiffs contend that they have already lost four years and any additional delay would cause more damage. Plaintiffs also contend that the probability of the Supreme Court taking this case is "quite low," and the probability of a reversal is "even lower." (Doc. 76 at p. 7.) City of Tulare Defendants alternatively argue that if a stay is not granted, then all parties will incur the burdens and substantial costs if litigation proceeds while awaiting the Supreme Court's determination. (Doc. 71 at p. 7.)

After the nearly two-year delay between the district court's order and the issuance of the Ninth Circuit's mandate, a brief delay pending resolution of the petition for certiorari will not make a greater difference in witness' memories or the loss of evidence. If the petition is denied, any delay likely will be minimal. Conversely, proceeding with this case if the Supreme Court opts to weigh in on the "state-created danger" doctrine could complicate the action and create

needless waste.[2]  "[C]onducting substantial, unrecoverable, and wasteful discovery and pretrial motions practice on matters that could be mooted by a pending appeal may amount to hardship or inequity sufficient to justify a stay." *Flores*, 2023 WL 3751998, at *8 (citations and quotations omitted).  For these reasons, the Court finds that the first two *Landis* factors weigh in favor of a stay.

The third *Landis* factor considers the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. Awaiting a determination on the petition for certiorari will clarify the issues and questions of law for this litigation relative to the state-created danger doctrine.

**CONCLUSION AND ORDER**

For the reasons stated, City of Tulare Defendants' motion for stay is GRANTED.  This case is stayed as to all claims and parties.  If defendants decide not to file a petition for writ of certiorari, then defendants shall notify the Court in writing within five days of that decision. Alternatively, if a petition for writ of certiorari is filed, then defendants shall notify the Court in writing within five days of any disposition of the petition by the United States Supreme Court. IT IS SO ORDERED.

Dated:  **September 28, 2023**             /s/ *Barbara A. McAuliffe*             
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] The Court takes no position on the merits of any petition for certiorari, nor is it inclined to speculate on the probability of review.