UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MURGUIA, for himself and for the estates of MASON AND MADDOX MURGUIA,<br><br>Plaintiffs,<br><br>v.<br><br>HEATHER LANGDON, an individual; COUNTY OF TULARE, a Governmental Entity; DEPUTY LEWIS, an individual; SGT. CERDA; ROXANNA TORRES, an individual; CITY OF TULARE, a Governmental Entity; SERGEANT GARCIA, an individual; and DOES 1-12,<br><br>Defendants. | No. 1:19-cv-00942-KES-FJS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br><br>Doc. 120 |

Defendants County of Tulare and Roxanna Torres (collectively "County defendants") move to strike portions of plaintiffs' third amended complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(f), asserting that the portions concern defendants and/or claims previously dismissed by the court. *See* Doc. 120. This matter is suitable for resolution without a hearing. *See* Local Rule 230(g). The Court has considered the parties' briefing and, for the reasons

explained below, denies the County defendants' motion to strike.

## I. BACKGROUND

### A. Factual Background

Plaintiffs' third amended complaint ("TAC"), Doc. 117, largely sets out the same factual assertions as in the second amendment complaint ("SAC"), Doc. 96. The court's November 25, 2025 order sets out the facts as pleaded in the SAC, Doc. 116, and they are not repeated at length here. To the extent that additional facts pleaded in the TAC are relevant to the pending motion to strike, the court has considered them for purposes of the present order.

### B. Procedural Background

The procedural background of this case is more fully set out in the court's November 25, 2025 order addressing the motions to dismiss the SAC. Doc. 116. As to the claims in the SAC against the County of Tulare and individual defendants Jeffrey Lewis, Ricardo Cerda, and Roxanna Torres, the order:

a. Denied the motion to dismiss the SAC under Rule 8;

b. Denied the motion to dismiss the individual section 1983 claims as to Torres;

c. Granted the motion to dismiss the section 1983 claims as to Lewis and Cerda, without leave to amend;

d. Granted the County's motion to dismiss claims 4 and 5 (certain *Monell* claims), without leave to amend; and

e. Granted the motion to dismiss the state law claims as to the County, Lewis, Cerda, and Torres for failure to plead compliance with the Government Tort Claims Act, but *granted leave to amend*;

Doc. 116 at 26–27 (emphasis added).

The order also stated, in error, that defendants Lewis and Cerda were dismissed from this action. Doc. 116 at 26:21. As addressed below, the court reconsiders the November 25, 2025 order and finds that its statement dismissing Lewis and Cerda from the action was incorrect, as the order specifically granted plaintiffs leave to amend as to the state law claims against Lewis

and Cerda, Doc. 116 at 26–27.

On December 22, 2025, plaintiffs filed their TAC. The TAC sets forth 8 federal claims pursuant to 42 U.S.C. § 1983, and 14 claims under state law. Doc. 117 On January 8, 2026, County defendants moved to strike Lewis and Cerda as defendants, and to strike all factual allegations pertaining to them and the Tulare County Sheriff's Department ("TCSD"). Doc. 120.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).[1] The purpose of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010). "Motions to strike are not favored and 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1131 (N.D. Cal. 2011) (citation omitted.) "When a court considers a motion to strike, it 'must view the pleading in a light most favorable to the pleading party.'" *Id.* (citation omitted.) "A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action." *Id.* (citation omitted.)

## III. ANALYSIS

### A. <u>Defendants Lewis and Cerda</u>

The court's November 25, 2025 order granted the motion to dismiss the individual section 1983 claims as to Lewis and Cerda without leave to amend. Doc. 116 at 26. The order also dismissed the state law claims against the County, Lewis, Cerda, and Torres for plaintiffs' failure

---

[1] A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A matter is impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "A 'redundant' matter consists of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). "A 'scandalous" matter improperly casts a derogatory light on someone, usually a party . . . [and] may be stricken [] if the matter bears no possible relation to the controversy or may cause the objecting party prejudice. *Id.*

to plead compliance with the Government Tort Claims Act, but it granted plaintiffs leave to file an amended complaint as to these claims. *Id.* The order provided plaintiffs with thirty days to file an amended complaint. *Id.* at 27. The order also provided that, if plaintiffs chose not to file a third amended complaint, the action would proceed only on the remaining claims in the SAC. *Id.*

The November 25, 2025 order also stated, incorrectly, that Lewis and Cerda were dismissed from the action. *Id.* at 26. That was incorrect because the order provided plaintiffs an opportunity to file an amended complaint repleading their state law claims against Lewis and Cerda. *Id.* at 26–27. The court clarifies that the November 25, 2025 order should have stated that the dismissal of Lewis and Cerda would take effect only if plaintiffs chose not to amend their complaint to replead their state law claims.

The court has the inherent authority to modify, alter, or revoke its prior orders. *United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

As the November 25, 2025 order granted plaintiffs an opportunity to amend their complaint to replead their state law claims as to Lewis and Cerda, the statement in the order that Lewis and Cerda were dismissed from this action was erroneous. The court reconsiders the order and amends it to delete that statement. The court's November 25, 2025 order (Doc. 116) is hereby corrected to delete entry "c." at line 21 on page 26. *See* Doc. 116 at 26. Given this correction, defendants Lewis and Cerda will have the opportunity to file a motion to dismiss the TAC as to the state law claims against them, if they believe they have a basis for such a motion.

///

///

**B. <u>Supplemental Jurisdiction over State Law Claims Against Lewis and Cerda</u>**

The County defendants argue in their reply brief that the court lacks supplemental jurisdiction over the state law claims as to Lewis and Cerda. That is incorrect.

A court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). State claims are part of the same case or controversy as federal claims "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855–56 (9th Cir. 2004) (internal quotation marks and citation omitted.) "[W]here a plaintiff asserts a state-law claim against one defendant and a federal-law claim against another defendant, the court may exercise supplemental jurisdiction over the state-law defendant so long as the state and federal claims arise from a common nucleus of facts." *Springer v. Hunt*, Civ. No. 17-00269, 2019 WL 1461898, at *3 (D. Haw. Apr. 2, 2019).

Here, the TAC repleads a Monell claim (count 6) against the County that was also asserted in the SAC and that the County did not move to dismiss. *See* Doc. 117 at ¶¶ 126–47. The TAC also pleads state law claims under Cal. Govt. Code § 820 and § 815.2 against the County and against individual defendants Lewis, Cerda, and Torres, and it pleads additional claims under Cal. Govt. Code § 815.6 against the County. *Id.* at ¶¶ 219–77. The County and Torres filed a motion to strike, but they did not move to dismiss any of these claims as to them. *See* Doc. 120.

The state law claims against defendants Lewis and Cerda are already before the court as to defendant County of Tulare, and Lewis and Cerda's alleged actions would form part of the basis for the alleged liability of the County. The TAC's other allegations regarding Lewis and Cerda's conduct are likewise factually and legally related to the claims against the County. The claims largely arise from the same facts and involve the same occurrences, witnesses and evidence.

Courts have used various formulations in considering what constitutes a common nucleus of operative fact. Some courts consider: "(1) when the facts are related in time, space, origin or

motivation; (2) when the facts form a convenient trial unit; and (3) when treating the facts as a unit would conform to the parties' expectations." *St. Paul Mercury Ins. Co. v. Del Webb Cal. Corp.*, No. CV 16-0209, 2017 WL 7661491, at *3 (C.D. Cal. Nov. 7, 2017) (citing *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 584 (1st Cir. 1995)). Other courts consider more generally "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Landy v. Pettigrew Crewing, Inc.*, No. 2:19-cv-07474, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (quoting *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)). "Even a 'loose factual connection between the claims is generally sufficient.'" *United States Chess Fed'n, Inc. v. Polgar*, No. C 08-05126, 2009 WL 981257, at *3 (N.D. Cal. Apr. 13, 2009) (quoting *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)). Under any of these formulations, supplemental jurisdiction is appropriate here over the state law claims against Lewis and Cerda.

**C. <u>Motion to Strike</u>**

The County defendants seek to strike the TAC's allegations concerning Lewis, Cerda, and the TCSD. Doc. 120. County defendants claim "[s]uch allegations are immaterial because they 'do not directly relate to plaintiff's underlying claim[s] for relief.'" Doc. 120-1 at 8 (citing *Whittlestone*, 618 F.3d at 970.). A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

As the court has supplemental jurisdiction over plaintiffs' state law claims against Lewis and Cerda, there is no basis to strike those claims and related allegations. The remaining allegations identified by the County defendants, including as to TCSD, either are directly part of the factual context for the claims against the County, Lewis, Cerda, and Torres, or provide relevant background information for such claims, and there is no basis to strike such references. Nor do the County defendants establish any undue prejudice from the references to TCSD. "[A]llegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial to defendant." *LeDuc v. Kentucky Cent. Life Ins.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). The motion to strike is therefore denied.

## IV. CONCLUSION

Accordingly,

1. The County defendants' motion to strike, Doc. 120, is DENIED;
2. Defendants Lewis and Cerda shall file a responsive pleading, or a motion to dismiss under Rule 12(b) consistent with this order, within twenty-one (21) days of the entry of this order.
3. If defendants Lewis and Cerda elect not to file a motion to dismiss, defendants County of Tulare and Torres shall file their answer within twenty-one (21) days of the entry of this order. If defendants Lewis and Cerda timely file a motion to dismiss, the answer by all County defendants will be due within fourteen (14) days of the court's ruling on such motion.

IT IS SO ORDERED.

Dated: September 24, 2026

UNITED STATES DISTRICT JUDGE